### EHRENREICH v. FROMENT.

(Supreme Court, Appellate Division, First Department.   June 6, 1902.)

DEEDS—DESCRIPTION—INCONSISTENT TERMS.

   The owner of a number of adjoining city lots built several houses thereon divided by party walls, each house 20 feet in width and 50 feet deep, with a stoop in front, and yard 45 feet deep in the rear.   The houses were sold to separate owners, each deed, except of the outside houses, describing the premises by its street number, and also as beginning at a point on the street a certain number of feet easterly from a designated street corner; thence running easterly along the street 20 feet; thence southerly on a line parallel with the cross street, and part of the distance through the center of a party wall erected partly on the land thereby conveyed and partly on the land adjoining on the east, 102 feet 2 inches, to the center line of the block; thence westerly 20 feet; thence northerly on a line parallel with the cross street, and part of the distance through the center of a party wall erected partly on the land thereby conveyed and partly on the land adjoining thereto on the west, 102 feet 2 inches, to the place of beginning.   The center of the party walls was 4 inches farther from the street corner than the distances called for by the deeds.   *Held*, that the side lines of the tracts conveyed by the deeds were straight lines running parallel with the cross street at the distance therefrom called for by the deeds, and running through the party walls 4 inches west of the center thereof.

   Laughlin, J., dissenting.

Appeal from special term, New York county.

Action for an injunction by Hannah Ehrenreich against Frank S. Froment.   From a judgment for plaintiff, defendant appeals.   Reversed.

See 66 N. Y. Supp. 597.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward M. Shepard, for appellant.
Jacob Fromme, for respondent.

INGRAHAM, J.   The question in this case depends upon the boundary line between the plaintiff's and the defendant's houses in East Seventy-Fourth street, city of New York.   It appeared that prior to the year 1870 Peter V. Winters and William T. Hunt were the

owners of 12 lots of land on the southeast corner of Madison avenue
and Seventy-Fourth street. They erected upon this plot of land 11
houses on the south side of Seventy-Fourth street and 5 houses upon
Madison avenue. These houses upon Seventy-Fourth street were 20
feet in width and 50 feet in depth, and were divided by party walls.
The houses were set back from the street, leaving a yard in the rear
about 45 feet deep. The plaintiff seems to have acquired title to her
house in 1879, and since that time has occupied it as a residence, and
subsequently the defendant acquired title to the house on the east. In
June, 1900, the defendant rebuilt the front of his house, and in remov-
ing the old front his workmen cut some of the brownstone of which
the front wall of the plaintiff's house was constructed, and it was to
restrain this interference with the plaintiff's front wall and stoop,.
and to require the defendant to restore the premises to the condition
they were in before this interference by him that this action was
brought. The original owners of these two houses made their first
conveyance to the plaintiff's grantor, and the question must be decided
upon the description by which the owners of both houses conveyed the
plaintiff's house. The instrument through which the plaintiff acquired
title was a mortgage executed on the 16th day of June, 1870, to the
North American Life Insurance Company, by which the plaintiff's
house was conveyed by the following description:

"Beginning at a point on the southerly side of 74th street, distant 280 feet
easterly from the corner formed by the intersection of the easterly side of
Madison avenue with the southerly side of 74th street; thence running east-
erly along the southerly side of 74th street 20 feet; thence southerly on a
line parallel with Madison avenue, and part of the distance through the cen-
ter of a party wall erected partly on the land hereby conveyed and partly on
the land adjoining thereto on the east, 102 feet and 2 inches, to the center
line of the block between 74th and 73rd streets; thence westerly, and on a
line parallel with 74th street, 20 feet, and thence northerly, on a line parallel
with Madison avenue, and part of the distance through the center of a party
wall erected partly on the land hereby conveyed and partly on the land ad-
joining thereto on the west, 102 feet and 2 inches, to the southerly side of
74th street at the point or place of beginning."

This mortgage was subsequently foreclosed, and the plaintiff ac-
quired title by a deed under a judgment of foreclosure by the same
description as that contained in the mortgage. It was proved that the
center of the party wall between the plaintiff's and the defendant's
houses was 4 inches east of a point 280 feet east of Madison avenue,
and that the defendant, in cutting away a portion of the plaintiff's
wall, to make room for the new front of the house that he had erected,.
had cut away some portion of the wall on this 4 inches; and it is this
act of the defendant of which the plaintiff complains. If, therefore, by
this description, the plaintiff acquired title to this 4 inches, and the
easterly boundary of his property conveyed extended to a point 280
feet and 4 inches east of the corner of Madison avenue and Seventy-
Fourth street, then the judgment was right, and should be affirmed.
If, however, the plaintiff's title extends only to a point 280 feet east
of Madison avenue, then the judgment should be reversed.

The portion of the plaintiff's stoop and front removed by the de-
fendant was all upon this 4 inches east of a point 280 feet east of

Madison avenue. There was introduced in evidence the deeds of all the Seventy-Fourth street houses, and from them it appeared that the conveyance of the most westerly of the houses commenced at a point on Seventy-Fourth street 80 feet east of Madison avenue, and each of the deeds of the other houses in this block was substantially of the same description, commencing at a point a certain number of feet east of Madison avenue, and running thence through the center of the party wall between the house conveyed and the adjoining houses; the parties evidently assuming that the center of the party wall between the various houses was opposite the point on Seventy-Fourth street at which by the description the boundary line was to commence. Undoubtedly, at the time these conveyances were made, the houses themselves existed as permanent structures. The party wall between each of the houses was intended to be, and was made by those deeds, the boundary line between the houses; but it is also clear that it was the intention to convey a plot of ground 20 feet in width by half the block in depth, and, if the construction of the plaintiff prevails, the result is that the defendant has a plot of land less than 20 feet in width, although his conveyance expressly calls for a plot of land of this width. The description of the property conveyed to the plaintiff, to which attention has been called, begins at a point on the southerly side of Seventy-Fourth street, distant 260 feet easterly from Madison avenue. The line of the plaintiff's property then runs easterly along the southerly side of Seventy-Fourth street 20 feet, and that would bring the easterly line of the property conveyed to the plaintiff to a point 280 feet east of Madison avenue. This point is not 280 feet and 4 inches, but 280 feet, and that is the limit of the plaintiff's property to the east. From that point the easterly line of the plaintiff's property runs southerly on a line parallel with Madison avenue to the center line of the block. That line parallel with Madison avenue would necessarily be a line at all points distant 280 feet from Madison avenue, and would necessarily be a straight line from a point on Seventy-Fourth street 280 feet east of Madison avenue to a point on the center line of the block also 280 feet from Madison avenue, and would give to the plaintiff a piece of land, with the buildings thereon erected, 20 feet in width from the southerly side of Seventy-Fourth street to the center of the block. All of the deeds executed by the grantors about the same time conveying these houses indicated a like intention to convey to each of the grantees a plot of land 20 feet in width by a half a block in depth, within the boundaries contained determined by the distance from Madison avenue. Does the addition to the description by which this line, which commenced at a point on Seventy-Fourth street distant 280 feet east of Madison avenue, was to run a part of the way through the center of the party wall, shift this line 4 inches to the east, so as to convey to this plaintiff a lot of land the east boundary of which is 280 feet 4 inches east of Madison avenue? It seems to me clear that such was not the intention. We have here a case in which it may be said that parts of this description are inconsistent with each other, when we are to ascertain as clearly as possible the intention of the parties in making the grants, and to give effect to that portion of the description which would best carry out the intention as thus ascer-

tained. It was plainly the intention of the parties to convey the house erected upon the land, which would include a portion of each of the party walls, giving the right of support to each adjoining house; but this does not require that the line of ownership in the land should be exactly in the center of each party wall. Undoubtedly, any interference by this defendant with the plaintiff's right of support would be an interference with or destruction of the plaintiff's easement, which would render the plaintiff liable for damages, or which the court in a proper action would enjoin; but, as I understand, the right that is here sought to be enforced is not an interference with the party wall, but an interference with the plaintiff's stoop, and brownstone front in front of the party wall and east of a line commencing at a point on Seventy-Fourth street 280 feet east of Madison avenue. From the description, construed as it must be in relation to the existing conditions when the grant was made, I think that this boundary line commenced 280 feet east of Madison avenue, and ran thence southerly and parallel with Madison avenue to the center of the block.

It would be of but little use, I think, to examine the various authorities cited by counsel. The case of Smyth v. McCool, 22 Hun, 595, seems to be the nearest in point, and that is a distinct authority in favor of the conclusion at which we have arrived. What we have to determine is, what was the easterly boundary of the plaintiff's property intended by the parties to the mortgage by which it was conveyed? There can be no doubt, we think, but that they intended that the easterly boundary of the plaintiff's lot and the westerly boundary of the defendant's lot should commence at a point on Seventy-Fourth street 280 feet east of Madison avenue. That express point was fixed in both conveyances as the point where the line should commence to run. Both conveyances also expressly provide that that line should then run southerly and parallel with Madison avenue to the center line of the block. It was intended to convey to each of the parties a plot of land 20 feet in width. The grantors had not a plot of land 20 feet in width to convey to the defendant's grantor if the point of beginning should be, as the plaintiff claims, 280 feet and 4 inches east of Madison avenue, and then, the parties having fixed the starting point of the boundary between the plaintiff's and the defendant's houses at a point 280 feet east of Madison avenue, the boundary line was to be a line parallel with Madison avenue. That would be impossible if it was intended to run it through the center of the party wall, if that center was either east or west of this fixed point. This wall extended something less than one-half of the boundary line. It could not be a straight line, and, starting from the point intended by both conveyances, run parallel with Madison avenue, and also through the center of the party wall. There is nothing to indicate that a zigzag line was intended, or that there was any practical location of this line at the center of the wall, so as to overcome the provision of the description fixing the point at which the line was to commence, which would carry it 4 inches to the east of that point. There has never been a practical construction by the parties as to whether this line ran through the center of the wall or 4 inches to the west of the center of the wall; for, until a change was made in the buildings upon one of the lots, that

question would not be the subject of controversy. The question is one, it seems to me, of intention, considering the description in the grants made, the condition of the property, and the surrounding circumstances; and from all these we are able to draw but one conclusion, and that is that it was the intention of the parties to grant to the plaintiff a plot of land commencing 260 feet east of Madison avenue, 20 feet in width and 100 feet in depth, giving to the plaintiff or her grantors the right to use these party walls as a support to her house in the position in which they were built; and that right, as we understand it, the defendant has not interfered with.

Arriving at this conclusion, it follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

PATTERSON, McLAUGHLIN, and HATCH, JJ., concur.

LAUGHLIN, J. (dissenting). Either the owner made a mistake in locating his houses or the surveyors of to-day are mistaken with reference to their measurements, but it matters not which for the determination of the question here presented. It is manifest, I think, that the owner intended to sell as separate and distinct lots the premises upon which each house was built, and that, therefore, the boundary lines running through the party walls, and not the measurements from the street corner, should control. It happens in this instance that the mistake affects only a strip of land four inches and a half in width, and under the decision about to be made probably some of each party wall is left with each lot; but according to the rule of law which is to be adopted by the prevailing opinion the construction would be the same if the discrepancy in the measurements had been 14 inches. I cannot subscribe to a doctrine, applicable to the construction of deeds, declaring that, where the owner of a tract of land builds many houses thereon, separated only by party walls, and then sells each house and lot separately by descriptions showing the boundary lines running through the middle of the party walls,—that this plain intention of the grantor to sell the lot covered by the entire building is to be overthrown by the mere fact that it is inconsistent with a measurement from the starting point, taking a street corner as the monument.